# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KHALIDA SARWARI,<br><br>        Plaintiff,<br><br>v.<br><br>NORTHEASTERN UNIVERSITY,<br><br>        Defendant. | Case No. 1:24-cv-11578<br><br>REMOVED FROM THE COMMONWEALTH OF MASSACHUSETTS, SUFFOLK SUPERIOR COURT, CASE NO. 2484CV00209 |

## NOTICE OF REMOVAL

Defendant, Northeastern University ("Northeastern" or "Defendant"), by and through its attorneys, and pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, submits this Notice of Removal with respect to the above captioned case from the Commonwealth of Massachusetts, Suffolk Superior Court. In support of its Notice of Removal, Defendant states as follows:

## BACKGROUND AND TIMELINESS

1. On or about January 22, 2024, Plaintiff Khalida Sarwari ("Sarwari" or "Plaintiff") filed her Complaint in the Commonwealth of Massachusetts, Suffolk Superior Court, titled *Khalida Sarwari v. Northeastern University*, Docket No. 2484CV00209 (the "State Court Action"). At that time, the initial Complaint was never served.

2. On or about May 28, 2024, Plaintiff filed her Amended Complaint in the Commonwealth of Massachusetts, Suffolk Superior Court.

3. On June 3, 2024, Defendant Northeastern University was served with a copy of the original Complaint, but was not served with a copy of the Amended Complaint.

4. On June 12, 2024, Defendant Northeastern was served with a copy of the Amended Complaint. A copy of all "process, pleadings and orders" received by Defendant in the state court action are attached as **Exhibit A**. *See* 28 U.S.C. § 1446(a).

311581296v.2

5. Because Defendant has filed this Notice of Removal within thirty days of receipt of the Amended Complaint, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b)(3); *Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67, 74 (1st Cir. 2014).

**THE CASE IS REMOVABLE BASED ON FEDERAL QUESTION JURISDICTION**

6. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

7. In this case, the requirements of 28 U.S.C. § 1331(a) have been met because Plaintiff brings a claim against Defendant under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq*.

8. Pursuant to 28 U.S.C. § 1331, "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

9. Accordingly, because this action alleges a violation of the FMLA, **Exhibit A**, Amended Compl., Count I, ¶¶ 18-23, this action arises under federal law. 28 U.S.C. § 1331. The Court thus has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, and removal is proper under 28 U.S.C. § 1441(a).

**VENUE AND NOTICE**

10. Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 101, this Court embraces the Suffolk Superior Court, Commonwealth of Massachusetts. Accordingly, this Court is the appropriate venue for removal of this action. 28 U.S.C. § 1441(a).

11.     Prompt written notice of this Notice of Removal has been sent to Plaintiff through his counsel, and to the Clerk of Court for Suffolk Superior Court, Commonwealth of Massachusetts, as required by 28 U.S.C. § 1446(d).  A copy of this notice is attached hereto as **Exhibit B**.

## CONCLUSION

12.     Based on the foregoing, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331; therefore, the Court properly may exercise jurisdiction over this lawsuit.  28 U.S.C. §§ 1441(a).

13.     Defendant submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has pleaded claims upon which relief can be granted, and without admitting that Plaintiff is entitled to any monetary or equitable relief whatsoever (or that the damages she seeks may be properly sought).

14.     Should Plaintiff seek to remand this case to state court, Defendant respectfully asks that it be permitted to brief and argue the issue of this removal prior to any order remanding this case.  In the event the Court decides remand is proper, Defendant respectfully requests that the Court retain jurisdiction and allow Defendant to file a motion asking this Court to certify any remand order for interlocutory review by the First Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

WHEREFORE, Defendant Northeastern University requests that the above-described action pending against it be removed to the United States District Court for the District of Massachusetts. Defendant also requests all other relief, at law or in equity, to which it justly is entitled.

DATED: June 18, 2024

Respectfully submitted,

NORTHEASTERN UNIVERSITY

By its attorneys:

/s/Molly C. Mooney
Robert A. Fisher (BBO No. 643797)
rfisher@seyfarth.com
Molly C. Mooney (BBO No. 687812)
mmooney@seyfarth.com
SEYFARTH SHAW LLP
Seaport East
Two Seaport Lane, Suite 1200
Boston, Massachusetts 02210
Telephone:     (617) 946-4800
Facsimile:     (617) 946-4801

**CERTIFICATE OF SERVICE**

I hereby certify that on June 18, 2024, a copy of the foregoing Notice of Removal was filed electronically through the Court's ECF system.  Paper and electronic copies were served on the following counsel for plaintiff:

Elijah Bresley
Slnlaw LLC
46 South Main Street
Sharon, MA 02067
ebresley@slnlaw.com

/s/Molly C. Mooney
Molly C. Mooney