# Exhibit A

| Summons | CIVIL DOCKET NO.<br>2484CV 00209-B | Trial Court of Massachusetts<br>The Superior Court |  |

CASE NAME:

Khalida Sarwari

Plaintiff(s)

vs.

Northeastern University

Defendant(s)

John E. Powers III — Acting Clerk of Courts
Suffolk County

COURT NAME & ADDRESS:
Suffolk Superior Civil Court
Three Pemberton Square
Boston, MA. 02108

---

THIS SUMMONS IS DIRECTED TO __Northeastern University__ (Defendant's name)

You are being sued. The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this Summons and the original Complaint has been filed in the __Suffolk Superior Civil__ Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

**1. You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the Court may decide the case against you and award the Plaintiff everything asked for in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

**2. How to Respond.**

To respond to this lawsuit, you must file a written response with the Court **and** mail a copy to the Plaintiff's attorney (or the Plaintiff, if unrepresented). You can do this by:

a) Filing your **signed original** response with the Clerk's Office for Civil Business, __Suffolk Superior__ Court __3 Pemberton Sq., Boston, MA 02108__ (address), by mail, in person, or electronically through the web portal www.eFileMA.com if the Complaint was e-filed through that portal, **AND**

b) Delivering or mailing **a copy** of your response to the Plaintiff's attorney/Plaintiff at the following address:
__Elijah Bresley, 46 South Main St, Sharon, MA 02067__

**3. What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff (referred to as "counterclaims") that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Court no more than 10 days after sending your Answer.

A true copy Attest:
3/30/24
Deputy Sheriff Suffolk County

**3. (cont.)** Another way to respond to a Complaint is by filing a "Motion to Dismiss," if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Rule 12 of the Massachusetts Rules of Civil Procedure**. If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at:

www.mass.gov/law-library/massachusetts-superior-court-rules

**4. Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

**5. Required Information on All Filings.**

The "Civil Docket No." appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Michael D. Ricciuti , Chief Justice on _____ , 20____ . (Seal)

Acting Clerk _____

**Note:** The docket number assigned to the original Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

---

**PROOF OF SERVICE OF PROCESS**

I hereby certify that on _____ , I served a copy of this Summons, together with a copy of the Complaint in this action, on the Defendant named in this Summons, in the following manner (See Rule 4(d)(1-5) of the Massachusetts Rules of Civil Procedure):

_____

_____

_____

Dated: _____        Signature: _____

**N.B. TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

Date:

rev. 1/2023

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                                  SUPERIOR COURT
                                                              CIVIL ACTION
                                                              NO. _____

Khalida Sarwari
_____
PLAINTIFF(S) (PRINT NAME CLEARLY)

vs.                                                           **COMPLAINT**

Northeastern University
_____
DEFENDANT(S) (PRINT NAME CLEARLY)

## PARTIES

1. Plaintiff(s) reside(s) at 600 Rainbow Dr. Apt #222    Mountain View
                              Street                     City or Town
   in the County of Santa Clara, CA 94041

2. Defendant(s) reside(s) at 360 Huntington Ave          Boston
   in the County of Suffolk, MA 02115
                              Street                     City of Town

## FACTS

3. Plaintiff Khalida Sarwari was employed at Northeastern University beginning December 3, 2018 by the University's Communications Department.
Plaintiff moved to Boston from California to accept employment.
Plaintiff received numerous positive performance evaluations during her employment.
Plaintiff received verbal and written approval to work remotely from California to support family during the COVID-19 pandemic.
Plaintiff was on approved FMLA leave, beginning January 8, 2021, effective through February 16, 2021.
Plaintiff was terminated from Northeastern University at the height of the COVID-19 pandemic on January 22, 2021, while on approved FMLA leave.
Defendant, Northeastern University, cited "lying to your supervisor" about intentions to return to Boston and continue her work in person as reason for termination.
Plaintiff applied for unemployment benefits in January, 2021.
Plaintiff received Notice of Disqualification from State Unemployment office on May 22, 2021, citing "deliberate misconduct in willful disregard" of employer's interest, as claimed by Defendant, Northeastern University.
Plaintiff participated in the unemployment appeals process, during which the Massachusetts State Unemployment Office determined that Defendant was unable to meet the burden of establishing by "substantial and credible evidence that the discharge of the claimant was attributable to a knowing violation of a reasonable and uniformly enforced policy or rule of the employer, or due to deliberate misconduct in willful disregard of the employer's interest."
In July, 2021, the Unemployment Office reversed its initial determination and concluded that Plaintiff was entitled to benefits.

Plaintiff did not receive benefits, while unemployed, for the time between termination and the determination reversal by the State Unemployment Office.
Plaintiff incurred significant expenses due to wrongful termination, including medical costs, relocation costs, and the financial cost of having fewer professional prospects due to the damaging language regarding Plaintiff's termination.

4. Answer this question **only** if you are seeking a restraining order against the defendant(s):

Have there been any other Court proceedings, criminal or civil, involving you or your family members and the defendant or defendant's family members?

Yes_____   No_____

If Yes, describe the Court proceeding(s) and its/their status. _____

_____

_____

**WHEREFORE**, plaintiff demands that:

Defendant, Northeastern University, give fair compensation for wrongful termination while on approved FMLA leave, costs incurred associated with wrongful termination, effects of hostile workplace behavior, ongoing mistreatment and retaliation, and permanent damaged to professional reputation of Plaintiff's standing as an award-winning journalist.

**SIGNED UNDER THE PENALTIES OF PERJURY.**

DATE: 1/22/2024

Khalida Sarwari
**Signature of Plaintiff(s)**
600 Rainbow Dr. Apt# 222
**Street Address**
Mountain View, CA 94041
**City/Town**
(510) 828-6503
**Telephone**

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 2467942 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| | | COUNTY |

| Plaintiff: Khalida Sarwari | Defendant: Northeastern University |
|---|---|
| ADDRESS: 600 Rainbow Drive<br>Apt. 222<br>Mountain View, CA 94041 | ADDRESS: 360 Huntington Ave<br>Boston, MA 02115 |
| Plaintiff Attorney: | Defendant Attorney: |
| ADDRESS: | ADDRESS: |
| BBO: | BBO: |

### TYPE OF ACTION AND TRACK DESIGNATION (see instructions section on next page)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| A04 | Employment Contract | F | ☐ YES  ☒ NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?  ☐ YES  ☒ NO
Is there a class action under Mass. R. Civ. P. 23?  ☐ YES  ☒ NO

### STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. (Note to plaintiff: for this form, do not state double or treble damages; indicate single damages only.)

**TORT CLAIMS**

A. Documented medical expenses to date
  1. Total hospital expenses
  2. Total doctor expenses ............................................................................. $500.00
  3. Total chiropractic expenses
  4. Total physical therapy expenses
  5. Total other expenses (describe below) ..................................................... $500.00
     Prescriptions and out-of-pocket medical expenses
     Subtotal (1-5): $1,000.00
B. Documented lost wages and compensation to date ..................................... $31,042.00
C. Documented property damages to date
D. Reasonably anticipated future medical and hospital expenses
E. Reasonably anticipated lost wages ............................................................. $8,802.00
F. Other documented items of damages (describe below) .............................. $101,606.00
  (1) Wrongfully denied unemployment benefits (plus interest); (2) cost of necessary relocation; (3) cost of damage to reputation.
  TOTAL (A-F): $142,450.00

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:
Experienced financial and emotional hardship due to inappropriate termination while on approved FMLA leave. Seeking compensation for wrongful termination, lost benefits, medical and relocation costs, and permanent damage to professional reputation.

**CONTRACT CLAIMS**

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

Signature of Attorney/Self-Represented Plaintiff: X Khalida Sarwari    Date: January 22, 2024

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION UNDER S.J.C. RULE 1:18(5)

I hereby certify that I have complied with requirements of Rule 5 of Supreme Judicial Court Rule 1:18: Uniform Rules on Dispute Resolution, requiring that I inform my clients about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney: X    Date:

SC0001: 1/13/2023    www.mass.gov/courts    Date/Time Printed:01-24-2024 02:34:25

# CIVIL ACTION COVER SHEET INSTRUCTIONS —
## SELECT A CATEGORY THAT BEST DESCRIBES YOUR CASE*

### AC Actions Involving the State/Municipality †*

- AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc.  (A)
- AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc.  (A)
- AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc.  (A)
- AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc.  (A)
- AE1 Administrative Action involving Commonwealth, Municipality, MBTA, etc.  (A)

### CN Contract/Business Cases

- A01 Services, Labor, and Materials  (F)
- A02 Goods Sold and Delivered  (F)
- A03 Commercial Paper  (F)
- A04 Employment Contract  (F)
- A05 Consumer Revolving Credit - M.R.C.P. 8.1  (F)
- A06 Insurance Contract  (F)
- A08 Sale or Lease of Real Estate  (F)
- A12 Construction Dispute  (A)
- A14 Interpleader  (F)
- BA1 Governance, Conduct, Internal Affairs of Entities  (A)
- BA3 Liability of Shareholders, Directors, Officers, Partners, etc.  (A)
- BB1 Shareholder Derivative  (A)
- BB2 Securities Transactions  (A)
- BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc.  (A)
- BD1 Intellectual Property  (A)
- BD2 Proprietary Information or Trade Secrets  (A)
- BG1 Financial Institutions/Funds  (A)
- BH1 Violation of Antitrust or Trade Regulation Laws  (A)
- A99 Other Contract/Business Action - Specify  (F)

\* See Superior Court Standing Order 1-88 for an explanation of the tracking deadlines for each track designation: F, A, and X. On this page, the track designation for each case type is noted in parentheses.

†* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

‡ Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

- D01 Specific Performance of a Contract  (A)
- D02 Reach and Apply  (F)
- D03 Injunction  (F)
- D04 Reform/ Cancel Instrument  (F)
- D05 Equitable Replevin  (F)
- D06 Contribution or Indemnification  (F)
- D07 Imposition of a Trust  (A)
- D08 Minority Shareholder's Suit  (A)
- D09 Interference in Contractual Relationship  (F)
- D10 Accounting  (A)
- D11 Enforcement of Restrictive Covenant  (F)
- D12 Dissolution of a Partnership  (F)
- D13 Declaratory Judgment, G.L. c. 231A  (A)
- D14 Dissolution of a Corporation  (F)
- D99 Other Equity Action  (F)

### PA Civil Actions Involving Incarcerated Party ‡

- PA1 Contract Action involving an Incarcerated Party  (A)
- PB1 Tortious Action involving an Incarcerated Party  (A)
- PC1 Real Property Action involving an Incarcerated Party  (F)
- PD1 Equity Action involving an Incarcerated Party  (F)
- PE1 Administrative Action involving an Incarcerated Party  (F)

### TR Torts

- B03 Motor Vehicle Negligence - Personal Injury/Property Damage  (F)
- B04 Other Negligence - Personal Injury/Property Damage  (F)
- B05 Products Liability  (A)
- B06 Malpractice - Medical  (A)
- B07 Malpractice - Other  (A)
- B08 Wrongful Death - Non-medical  (A)
- B15 Defamation  (A)
- B19 Asbestos  (A)
- B20 Personal Injury - Slip & Fall  (F)
- B21 Environmental  (F)
- B22 Employment Discrimination  (F)
- BE1 Fraud, Business Torts, etc.  (A)
- B99 Other Tortious Action  (F)

### RP Summary Process (Real Property)

- S01 Summary Process - Residential  (X)
- S02 Summary Process - Commercial/ Non-residential  (F)

### RP Real Property

- C01 Land Taking  (F)
- C02 Zoning Appeal, G.L. c. 40A  (F)
- C03 Dispute Concerning Title  (F)
- C04 Foreclosure of a Mortgage  (X)
- C05 Condominium Lien & Charges  (X)
- C99 Other Real Property Action  (F)

### MC Miscellaneous Civil Actions

- E18 Foreign Discovery Proceeding  (X)
- E97 Prisoner Habeas Corpus  (X)
- E22 Lottery Assignment, G.L. c. 10, § 28  (X)

### AB Abuse/Harassment Prevention

- E15 Abuse Prevention Petition, G.L. c. 209A  (X)
- E21 Protection from Harassment, G.L. c. 258E  (X)

### AA Administrative Civil Actions

- E02 Appeal from Administrative Agency, G.L. c. 30A  (X)
- E03 Certiorari Action, G.L. c. 249, § 4  (X)
- E05 Confirmation of Arbitration Awards  (X)
- E06 Mass Antitrust Act, G.L. c. 93, § 9  (A)
- E07 Mass Antitrust Act, G.L. c. 93, § 8  (X)
- E08 Appointment of a Receiver  (X)
- E09 Construction Surety Bond, G.L. c. 149, §§ 29, 29A  (A)
- E10 Summary Process Appeal  (X)
- E11 Worker's Compensation  (X)
- E16 Auto Surcharge Appeal  (X)
- E17 Civil Rights Act, G.L. c.12, § 11H  (A)
- E24 Appeal from District Court Commitment, G.L. c.123, § 9(b)  (X)
- E94 Forfeiture, G.L. c. 265, § 56  (X)
- E95 Forfeiture, G.L. c. 94C, § 47  (F)
- E99 Other Administrative Action  (X)
- Z01 Medical Malpractice - Tribunal only, G.L. c. 231, § 60B  (F)
- Z02 Appeal Bond Denial  (X)

### SO Sex Offender Review

- E12 SDP Commitment, G.L. c. 123A, § 12  (X)
- E14 SDP Petition, G.L. c. 123A, § 9(b)  (X)

### RC Restricted Civil Actions

- E19 Sex Offender Registry, G.L. c. 6, § 178M  (X)
- E27 Minor Seeking Consent, G.L. c.112, § 12S  (X)

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES   ☐ NO |

## STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF —** On the face of the Civil Action Cover Sheet (or on attached additional sheets, if necessary), the plaintiff shall state the facts on which the plaintiff relies to determine money damages. A copy of the completed Civil Action Cover Sheet, including the statement concerning damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT —** If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with the defendant's answer a statement specifying the potential damages which may result if the plaintiff prevails.

**A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
IF THIS COVER SHEET IS NOT FILLED OUT THOROUGHLY AND
ACCURATELY, THE CASE MAY BE DISMISSED.**

| Summons | CIVIL DOCKET NO 2484CV000209-B | Trial Court of Massachusetts The Superior Court | |
|---|---|---|---|
| CASE NAME Khalida Sarwari vs. Northeastern University | Plaintiff(s) Defendant(s) | John E. Powers III Suffolk COURT NAME & ADDRESS Suffolk Superior Civil Court Three Pemberton Square Boston, MA. 02108 | Acting Clerk of Courts County |

THIS SUMMONS IS DIRECTED TO _Northeastern University_ (Defendant's name)

You are being sued. The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this Summons and the original Complaint has been filed in the _Suffolk Superior Civil_ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

**1. You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the Court may decide the case against you and award the Plaintiff everything asked for in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

**2. How to Respond.**

To respond to this lawsuit, you must file a written response with the Court **and** mail a copy to the Plaintiff's attorney (or the Plaintiff, if unrepresented). You can do this by:

a) Filing your **signed original** response with the Clerk's Office for Civil Business, _Suffolk Superior_ Court _3 Pemberton Sq., Boston, MA 02108_ (address), by mail, in person, or electronically through the web portal www.eFileMA.com if the Complaint was e-filed through that portal, **AND**

b) Delivering or mailing **a copy** of your response to the Plaintiff's attorney/Plaintiff at the following address: _Elijah Bresley, 46 South Main St, Sharon, MA 02067_

**3. What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff (referred to as "counterclaims") that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Court no more than 10 days after sending your Answer.

A true copy Attest:
Deputy Sheriff Suffolk County

**3. (cont.)** Another way to respond to a Complaint is by filing a "Motion to Dismiss," if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Rule 12 of the Massachusetts Rules of Civil Procedure**. If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at:

www.mass.gov/law-library/massachusetts-superior-court-rules

**4. Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

**5. Required Information on All Filings.**

The "Civil Docket No." appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Michael D. Ricciuti, Chief Justice on _____, 20____. (Seal)

Acting Clerk _____

**Note:** The docket number assigned to the original Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

---

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, I served a copy of this Summons, together with a copy of the Complaint in this action, on the Defendant named in this Summons, in the following manner (See Rule 4(d)(1-5) of the Massachusetts Rules of Civil Procedure):

_____

_____

_____

Dated: _____    Signature: _____

**N.B. TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX – BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

Date: _____

rev. 1/2023

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS                                         SUPERIOR COURT DEPARTMENT
                                                    CIVIL ACTION NO.: 2484cv00209

KHALIDA SARWARI,              )
         Plaintiff,           )
                              )
                              )                     kg
v.                            )
                              )
                              )
                              )
NORTHEASTERN UNIVERSITY       )
         Defendant.           )
                              )

## COMPLAINT

Plaintiff, Khalida Sarwari, by and through counsel, alleges as follows:

### PARTIES

1. Plaintiff, Khalida Sarwari, ("Ms. Sarwari") is an adult resident of Mountain View, California.

2. Defendant Northeastern University ("Northeastern") is a Massachusetts educational institution with a principal place of business at 360 Huntington Avenue, Boston, Massachusetts 02115.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to G.L. c. 212, § 3.

4. This Court has personal jurisdiction over Northeastern because it is organized in the Commonwealth, it employed Plaintiff to work as its agent in the Commonwealth; and because the acts and omissions giving rise to this Complaint occurred in the Commonwealth.

5. Venue is proper in this Court pursuant to G.L. c. 223, §2, because Defendant Northeastern is an educational institution in this judicial district.

## FACTUAL ALLEGATIONS

6. Plaintiff Khalida Sarwari was employed at Northeastern University beginning December 3, 2018, by Northeastern's Communications Department.

7. Plaintiff moved to Boston from California to accept employment.

8. Plaintiff received numerous positive performance evaluations during her employment.

9. Plaintiff received verbal and written approval to work remotely from California to support family during the COVID-19 pandemic.

10. On January 8, 2021, Plaintiff was approved for FMLA leave from December 22, 2020 to February 16, 2021.

11. In the approval letter, Northeastern wrote "During this leave you will use 6 weeks and 3 days of FMLA time."

12. Plaintiff was expected to return to work, on campus, on February 17, 2021. Instead, Plaintiff was terminated from Northeastern University at the height of the COVID-19 pandemic on January 22, 2021, while on approved FMLA leave.

13. Defendant, Northeastern University, cited "lying to your supervisor" about intentions to return to Boston and continue her work in person as reason for termination.

14. Only after her termination did Plaintiff learn that Northeastern University hired a private investigator in California to take pictures of her, to follow her, and to stake out her temporary housing there.

15. Northeastern terminated Plaintiff for not being in Boston. However, at the time the investigator photographed Plaintiff, she was not yet required to return to Boston.

16. Rather, Northeastern knew that she would have been residing in California during her FMLA leave.

17. Plaintiff incurred significant expenses due to Defendant's retaliation, including medical costs, relocation costs, and the financial cost of having fewer professional prospects due to the damaging language regarding Plaintiff's termination.

## COUNT ONE

### Retaliation under 29 U.S.C. § 2615

18. Plaintiff re-alleges and re-asserts the allegations in the above paragraphs as if fully set forth herein.

19. The FMLA provides that "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. § 2615(a)(1).

20. "Employers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions." 29 C.F.R. § 825.220(c)

21. Ms. Sarwari took protected leave, a right under the FMLA.

22. Defendant retaliated against Ms. Sarwari, *inter alia*, by terminating her based on false accusations while she formally exercised her rights.

23. As a result of Defendants' unlawful conduct, Plaintiff has suffered harm.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff claims:

1. Damages in an amount to be determined at trial;
2. Statutory liquidated damages for;
3. Statutory interest at the rate of twelve percent (12%);
4. Attorney's fees and costs; and
5. Such other legal or equitable relief as the Court may award.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable.

> Respectfully submitted,
> KHALIDA SARWARI
> By counsel:
>
> */s/ Elijah Bresley*
> Elijah Bresley (BBO#634223)
> ebresley@slnlaw.com
> Slnlaw llc
> 46 South Main Street
> Sharon, MA 02067
> Tel: 781-784-2322
> Fax: 781-328-1772

Dated: May 28, 2024