

**COMMONWEALTH OF MASSACHUSETTS**
**SUFFOLK COUNTY CIVIL**
Docket Report

## 2484CV00209 Sarwari, Khalida vs. Northeastern University

| | | | |
|---|---|---|---|
| **CASE TYPE:** | Torts | **FILE DATE:** | 01/22/2024 |
| **ACTION CODE:** | B22 | **CASE TRACK:** | F - Fast Track |
| **DESCRIPTION:** | Employment Discrimination | | |
| **CASE DISPOSITION DATE:** | 06/18/2024 | **CASE STATUS:** | Closed |
| **CASE DISPOSITION:** | Transferred to another Court | **STATUS DATE:** | 06/18/2024 |
| **CASE JUDGE:** | | **CASE SESSION:** | Civil B |

### PARTIES

**Plaintiff**
Sarwari, Khalida
600 Rainbow Dr. #222
Mountain View, CA 94041

**Attorney** 691092
Elijah Bresley
slnlaw llc
slnlaw llc
46 South Main St
Sharon, MA 02067
Work Phone (781) 784-2322
Added Date: 04/19/2024

**Defendant**
Northeastern University
360 Huntington Ave
Boston, MA 02115

**Attorney** 643797
Robert Alan Fisher
Seyfarth Shaw LLP
Seyfarth Shaw LLP
Two Seaport Lane Suite 1200
Boston, MA 02210
Work Phone (617) 946-4996
Added Date: 06/18/2024

**Attorney** 687812
Molly Clayton Mooney
Seyfarth Shaw
Seyfarth Shaw
2 Seaport Lane Suite 1200
Boston, MA 02110
Work Phone (617) 946-4833
Added Date: 06/18/2024

CRTR2709-CR



**COMMONWEALTH OF MASSACHUSETTS**
**SUFFOLK COUNTY CIVIL**
**Docket Report**

## INFORMATIONAL DOCKET ENTRIES

| Date | Ref | Description | Judge |
|---|---|---|---|
| 01/22/2024 | 1 | Complaint electronically filed. | |
| 01/22/2024 | 2 | Civil action cover sheet filed. | |
| 01/25/2024 | | Case assigned to:<br>DCM Track F - Fast Track was added on 01/25/2024 | |
| 01/25/2024 | | EDocument sent:<br>A Tracking Order was generated and sent to:<br>Plaintiff: Khalida Sarwari 600 Rainbow Dr. #222, Mountain View, CA 94041 | |
| 04/19/2024 | | Attorney appearance<br>On this date Pro Se dismissed/withdrawn for Plaintiff Khalida Sarwari | |
| 04/19/2024 | | Attorney appearance<br>On this date Elijah Bresley, Esq. added for Plaintiff Khalida Sarwari | |
| 04/19/2024 | 3 | Plaintiff Khalida Sarwari's Motion to<br>Amend Complaint and to Extend Time for Service of Complaint and Summons | |
| 04/19/2024 | | Attorney appearance electronically filed. | |
| 04/24/2024 | | Endorsement on Motion to Amend Complaint and to Extend Time for Service of Complaint and Summons (#3.0): ALLOWED<br>This Motion is ALLOWED. Plaintiff may amend her complaint once before a responsive pleading is filed as of right. See Mass. R. Civ. P. 15(a). The deadline for plaintiff to file proof of service on the defendant is extended to and including June 21, 2024.<br>(Dated 4/23/2024) Notice Sent 4/24/24 | Davis |
| 05/28/2024 | 4 | Amended: amended complaint filed by Khalida Sarwari | |
| 06/18/2024 | 5 | Defendant Northeastern University's Notice of Removal | |
| 06/18/2024 | | Attorney appearance<br>On this date Robert Alan Fisher, Esq. added for Defendant Northeastern University | |
| 06/18/2024 | | Attorney appearance<br>On this date Molly Clayton Mooney, Esq. added for Defendant Northeastern University | |
| 06/18/2024 | | REMOVED to the U.S. District Court<br>Of Massachusetts( US Dist #24-cv-11578) | |
| 06/18/2024 | | Case transferred to another court. | |

I HEREBY ATTEST AND CERTIFY ON
___June 20, 2024___, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY

John E. Powers, III
Acting Clerk Magistrate
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY: _____
Asst.Clerk

**COMMONWEALTH OF MASSACHUSETTS**

SUFFOLK, ss.                                          SUPERIOR COURT
                                                      CIVIL ACTION
                                                      NO. 24- 0209 B

Khalida Sarwari

PLAINTIFF(S) (PRINT NAME CLEARLY)

vs.                                                   **COMPLAINT**

Northeastern University

DEFENDANT(S) (PRINT NAME CLEARLY)

## PARTIES

1. Plaintiff(s) reside(s) at 600 Rainbow Dr. Apt #222, Mountain View, in the County of Santa Clara, CA 94041

2. Defendant(s) reside(s) at 360 Huntington Ave, Boston, in the County of Suffolk, MA 02115

## FACTS

3. Plaintiff Khalida Sarwari was employed at Northeastern University beginning December 3, 2018 by the University's Communications Department.

Plaintiff moved to Boston from California to accept employment.

Plaintiff received numerous positive performance evaluations during her employment.

Plaintiff received verbal and written approval to work remotely from California to support family during the COVID-19 pandemic.

Plaintiff was on approved FMLA leave, beginning January 8, 2021, effective through February 16, 2021.

Plaintiff was terminated from Northeastern University at the height of the COVID-19 pandemic on January 22, 2021, while on approved FMLA leave.

Defendant, Northeastern University, cited "lying to your supervisor" about intentions to return to Boston and continue her work in person as reason for termination.

Plaintiff applied for unemployment benefits in January, 2021.

Plaintiff received Notice of Disqualification from State Unemployment office on May 22, 2021, citing "deliberate misconduct in willful disregard" of employer's interest, as claimed by Defendant, Northeastern University.

Plaintiff participated in the unemployment appeals process, during which the Massachusetts State Unemployment Office determined that Defendant was unable to meet the burden of establishing by "substantial and credible evidence that the discharge of the claimant was attributable to a knowing violation of a reasonable and uniformly enforced policy or rule of the employer, or due to deliberate misconduct in willful disregard of the employer's interest."

In July, 2021, the Unemployment Office reversed its initial determination and concluded that Plaintiff was entitled to benefits.

Plaintiff did not receive benefits, while unemployed, for the time between termination and the determination reversal by the State Unemployment Office.

Plaintiff incurred significant expenses due to wrongful termination, including medical costs, relocation costs, and the financial cost of having fewer professional prospects due to the damaging language regarding Plaintiff's termination.

4. Answer this question only if you are seeking a restraining order against the defendant(s):

Have there been any other Court proceedings, criminal or civil, involving you or your family members and the defendant or defendant's family members?

Yes _____    No _____

If Yes, describe the Court proceeding(s) and its/their status. _____

_____

_____

**WHEREFORE**, plaintiff demands that:

Defendant, Northeastern University, give fair compensation for wrongful termination while on approved FMLA leave, costs incurred associated with wrongful termination, effects of hostile workplace behavior, ongoing mistreatment and retaliation, and permanent damaged to professional reputation of Plaintiff's standing as an award-winning journalist.

**SIGNED UNDER THE PENALTIES OF PERJURY.**

**DATE:** 1/22/2024

Khalida Sarwari
**Signature of Plaintiff(s)**
600 Rainbow Dr. Apt# 222
**Street Address**
Mountain View, CA 94041
**City/Town**
(510) 828-6503
**Telephone**

I HEREBY ATTEST AND CERTIFY ON
_____June 20, 2024_____, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY

John E. Powers, III
Acting Clerk Magistrate
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY:_____
            Asst.Clerk

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 2467942 A4-0209B | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| | | COUNTY |

| **Plaintiff** | Khalida Sarwari | **Defendant:** | Northeastern University |
|---|---|---|---|
| ADDRESS: | 600 Rainbow Drive | ADDRESS: | 360 Huntington Ave |
| | Apt. 222 | | Boston, MA 02115 |
| | Mountain View, CA 94041 | | |
| **Plaintiff Attorney:** | | **Defendant Attorney:** | |
| ADDRESS: | | ADDRESS: | |
| BBO: | | BBO: | |

**TYPE OF ACTION AND TRACK DESIGNATION** (see instructions section on next page)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| A04 | Employment Contract | F | ☐ YES  ☒ NO |

*If "Other" please describe: _____

| Is there a claim under G.L. c. 93A? | Is there a class action under Mass. R. Civ. P. 23? |
|---|---|
| ☐ YES   ☒ NO | ☐ YES   ☒ NO |

**STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. (Note to plaintiff: for this form, do not state double or treble damages; indicate single damages only.)

**TORT CLAIMS**

A. Documented medical expenses to date

   1. Total hospital expenses

   2. Total doctor expenses     $500.00

   3. Total chiropractic expenses

   4. Total physical therapy expenses

   5. Total other expenses (describe below)     $500.00

       Prescriptions and out-of-pocket medical expenses

                                    Subtotal (1-5):     $1,000.00

B. Documented lost wages and compensation to date     $31,042.00

C. Documented property damages to date

D. Reasonably anticipated future medical and hospital expenses

E. Reasonably anticipated lost wages     $8,802.00

F. Other documented items of damages (describe below)     $101,606.00

    (1) Wrongfully denied unemployment benefits (plus interest); (2) cost of necessary relocation; (3) cost of damage to reputation.

                                    TOTAL (A-F):     $142,450.00

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:

Experienced financial and emotional hardship due to inappropriate termination while on approved FMLA leave. Seeking compensation for wrongful termination, lost benefits, medical and relocation costs, and permanent damage to professional reputation.

**CONTRACT CLAIMS**

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

Signature of Attorney/Self-Represented Plaintiff: X Khalida Sarwari     Date: January 22, 2024

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION UNDER S.J.C. RULE 1:18(5)**

I hereby certify that I have complied with requirements of Rule 5 of Supreme Judicial Court Rule 1:18: Uniform Rules on Dispute Resolution, requiring that I inform my clients about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney: X _____     Date: _____

Date Filed 1/22/2024 4:49 PM
Superior Court - Suffolk
Docket Number

# CIVIL ACTION COVER SHEET INSTRUCTIONS —
## SELECT A CATEGORY THAT BEST DESCRIBES YOUR CASE*

### AC Actions Involving the State/Municipality†*

| Code | Description | Track |
|---|---|---|
| AA1 | Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 | Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 | Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 | Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 | Administrative Action involving Commonwealth, Municipality, MBTA, etc. | (A) |

### CN Contract/Business Cases

| Code | Description | Track |
|---|---|---|
| A01 | Services, Labor, and Materials | (F) |
| A02 | Goods Sold and Delivered | (F) |
| A03 | Commercial Paper | (F) |
| A04 | Employment Contract | (F) |
| A05 | Consumer Revolving Credit - M.R.C.P. 8.1 | (F) |
| A06 | Insurance Contract | (F) |
| A08 | Sale or Lease of Real Estate | (F) |
| A12 | Construction Dispute | (A) |
| A14 | Interpleader | (F) |
| BA1 | Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 | Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 | Shareholder Derivative | (A) |
| BB2 | Securities Transactions | (A) |
| BC1 | Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 | Intellectual Property | (A) |
| BD2 | Proprietary Information or Trade Secrets | (A) |
| BG1 | Financial Institutions/Funds | (A) |
| BH1 | Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 | Other Contract/Business Action - Specify | (F) |

* See Superior Court Standing Order 1-88 for an explanation of the tracking deadlines for each track designation: F, A, and X. On this page, the track designation for each case type is noted in parentheses.

†* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

‡ Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

| Code | Description | Track |
|---|---|---|
| D01 | Specific Performance of a Contract | (A) |
| D02 | Reach and Apply | (F) |
| D03 | Injunction | (F) |
| D04 | Reform/ Cancel Instrument | (F) |
| D05 | Equitable Replevin | (F) |
| D06 | Contribution or Indemnification | (F) |
| D07 | Imposition of a Trust | (A) |
| D08 | Minority Shareholder's Suit | (A) |
| D09 | Interference in Contractual Relationship | (F) |
| D10 | Accounting | (A) |
| D11 | Enforcement of Restrictive Covenant | (F) |
| D12 | Dissolution of a Partnership | (F) |
| D13 | Declaratory Judgment, G.L. c. 231A | (A) |
| D14 | Dissolution of a Corporation | (F) |
| D99 | Other Equity Action | (F) |

### PA Civil Actions Involving Incarcerated Party ‡

| Code | Description | Track |
|---|---|---|
| PA1 | Contract Action involving an Incarcerated Party | (A) |
| PB1 | Tortious Action involving an Incarcerated Party | (A) |
| PC1 | Real Property Action involving an Incarcerated Party | (F) |
| PD1 | Equity Action involving an Incarcerated Party | (F) |
| PE1 | Administrative Action involving an Incarcerated Party | (F) |

### TR Torts

| Code | Description | Track |
|---|---|---|
| B03 | Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 | Other Negligence - Personal Injury/Property Damage | (F) |
| B05 | Products Liability | (A) |
| B06 | Malpractice - Medical | (A) |
| B07 | Malpractice - Other | (A) |
| B08 | Wrongful Death - Non-medical | (A) |
| B15 | Defamation | (A) |
| B19 | Asbestos | (A) |
| B20 | Personal Injury - Slip & Fall | (F) |
| B21 | Environmental | (F) |
| B22 | Employment Discrimination | (F) |
| BE1 | Fraud, Business Torts, etc. | (A) |
| B99 | Other Tortious Action | (F) |

### RP Summary Process (Real Property)

| Code | Description | Track |
|---|---|---|
| S01 | Summary Process - Residential | (X) |
| S02 | Summary Process - Commercial/Non-residential | (F) |

TRANSFER YOUR SELECTION TO THE FACE SHEET

### RP Real Property

| Code | Description | Track |
|---|---|---|
| C01 | Land Taking | (F) |
| C02 | Zoning Appeal, G.L. c. 40A | (F) |
| C03 | Dispute Concerning Title | (F) |
| C04 | Foreclosure of a Mortgage | (X) |
| C05 | Condominium Lien & Charges | (X) |
| C99 | Other Real Property Action | (F) |

### MC Miscellaneous Civil Actions

| Code | Description | Track |
|---|---|---|
| E18 | Foreign Discovery Proceeding | (X) |
| E97 | Prisoner Habeas Corpus | (X) |
| E22 | Lottery Assignment, G.L. c. 10, § 28 | (X) |

### AB Abuse/Harassment Prevention

| Code | Description | Track |
|---|---|---|
| E15 | Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 | Protection from Harassment, G.L. c. 258E | (X) |

### AA Administrative Civil Actions

| Code | Description | Track |
|---|---|---|
| E02 | Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 | Certiorari Action, G.L. c. 249, § 4 | (X) |
| E05 | Confirmation of Arbitration Awards | (X) |
| E06 | Mass Antitrust Act, G.L. c. 93, § 9 | (A) |
| E07 | Mass Antitrust Act, G.L. c. 93, § 8 | (X) |
| E08 | Appointment of a Receiver | (X) |
| E09 | Construction Surety Bond, G.L. c. 149, §§ 29, 29A | (A) |
| E10 | Summary Process Appeal | (X) |
| E11 | Worker's Compensation | (X) |
| E16 | Auto Surcharge Appeal | (X) |
| E17 | Civil Rights Act, G.L. c.12, § 11H | (A) |
| E24 | Appeal from District Court Commitment, G.L. c.123, § 9(b) | (X) |
| E94 | Forfeiture, G.L. c. 265, § 56 | (X) |
| E95 | Forfeiture, G.L. c. 94C, § 47 | (F) |
| E99 | Other Administrative Action | (X) |
| Z01 | Medical Malpractice - Tribunal only, G.L. c. 231, § 60B | (F) |
| Z02 | Appeal Bond Denial | (X) |

### SO Sex Offender Review

| Code | Description | Track |
|---|---|---|
| E12 | SDP Commitment, G.L. c. 123A, § 12 | (X) |
| E14 | SDP Petition, G.L. c. 123A, § 9(b) | (X) |

### RC Restricted Civil Actions

| Code | Description | Track |
|---|---|---|
| E19 | Sex Offender Registry, G.L. c. 6, § 178M | (X) |
| E27 | Minor Seeking Consent, G.L. c.112, § 12S | (X) |

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES ☐ NO |

### STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** — On the face of the Civil Action Cover Sheet (or on attached additional sheets, if necessary), the plaintiff shall state the facts on which the plaintiff relies to determine money damages. A copy of the completed Civil Action Cover Sheet, including the statement concerning damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT** — If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with the defendant's answer a statement specifying the potential damages which may result if the plaintiff prevails.

I HEREBY ATTEST AND CERTIFY ON
June. 20, 2024 THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

SC0001 : 1/13/2023

**A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
IF THIS COVER SHEET IS NOT FILLED OUT THOROUGHLY AND
ACCURATELY, THE CASE MAY BE DISMISSED.**

www.mass.gov/courts

Date/Time Printed:01-24-2024 02:34:25

John E. Powers, III
Acting Clerk Magistrate
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY: _____
                    Asst. Clerk

4/24

4/24

NOTIFY

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS                                         SUPERIOR COURT DEPARTMENT
                                                    CIVIL ACTION NO.: 2484CV00209

_____
KHALIDA SARWARI,                    )
        Plaintiff,                  )
                                    )           Notice Sent (2)
v.                                  )              4/24/24
                                    )              (MH)
                                    )
NORTHEASTERN UNIVERSITY             )
        Defendant.                  )
_____ )

**MOTION TO AMEND COMPLAINT and TO EXTEND TIME FOR SERVICE OF COMPLAINT AND SUMMONS**

Here comes Plaintiff, Khalida Sarwari, by and through counsel, requesting to amend her original complaint an additional sixty (60) days to effect service of the summons and complaint on the Defendant. As grounds, Plaintiff states:

1. Mass. R. Civ. P. 15(a) which provides that "a party may amend his pleading once as a matter of course at any time before a responsive pleading is served."

2. Plaintiff, Khalinda Sarwari filed a complaint, pro se, in January 2024 with the Court.

3. Plaintiff has since hired Counsel to represent her.

4. This additional time is necessary for Plaintiff and new counsel to finalize and serve an attended complaint on Defendant

For the reasons described above, Plaintiff request that the Court allow Plaintiff to Amender her complaint and grant an addition sixty (60) days to serve Defendant.

[Handwritten margin note: 4/23/26 — This motion is Allowed. Plaintiff may amend her complaint once as of right. See Mass. R. Civ. P. 15(a). The deadline for Plaintiff to file proof of service on the Defendant is extended to and including June 21, 2024.]

Respectfully submitted,
KHALIDA SARWARI
By counsel:


_/s/Elijah Bresley_
Elijah Bresley (BBO#634223)
ebresley@slnlaw.com
Slnlaw llc
46 South Main Street
Sharon, MA 02067
Tel: 781-784-2322
Fax: 781-328-1772

Dated: April 19, 2024

I HEREBY ATTEST AND CERTIFY ON
____June. 20, 2024____, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY

John E. Powers, III
Acting Clerk Magistrate
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY: _____
            Asst. Clerk

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS                                          SUPERIOR COURT DEPARTMENT
                                                     CIVIL ACTION NO.: 2484cv00209

KHALIDA SARWARI,                    )
    Plaintiff,                      )
                                    )
                                    )                kg
v.                                  )
                                    )
                                    )
                                    )
NORTHEASTERN UNIVERSITY             )
    Defendant.                      )
_____)

## COMPLAINT

Plaintiff, Khalida Sarwari, by and through counsel, alleges as follows:

### PARTIES

1. Plaintiff, Khalida Sarwari, ("Ms. Sarwari") is an adult resident of Mountain View, California.

2. Defendant Northeastern University ("Northeastern") is a Massachusetts educational institution with a principal place of business at 360 Huntington Avenue, Boston, Massachusetts 02115.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to G.L. c. 212, § 3.

4. This Court has personal jurisdiction over Northeastern because it is organized in the Commonwealth, it employed Plaintiff to work as its agent in the Commonwealth; and because the acts and omissions giving rise to this Complaint occurred in the Commonwealth.

5. Venue is proper in this Court pursuant to G.L. c. 223, §2, because Defendant Northeastern is an educational institution in this judicial district.

## FACTUAL ALLEGATIONS

6. Plaintiff Khalida Sarwari was employed at Northeastern University beginning December 3, 2018, by Northeastern's Communications Department.

7. Plaintiff moved to Boston from California to accept employment.

8. Plaintiff received numerous positive performance evaluations during her employment.

9. Plaintiff received verbal and written approval to work remotely from California to support family during the COVID-19 pandemic.

10. On January 8, 2021, Plaintiff was approved for FMLA leave from December 22, 2020 to February 16, 2021.

11. In the approval letter, Northeastern wrote "During this leave you will use 6 weeks and 3 days of FMLA time."

12. Plaintiff was expected to return to work, on campus, on February 17, 2021. Instead, Plaintiff was terminated from Northeastern University at the height of the COVID-19 pandemic on January 22, 2021, while on approved FMLA leave.

13. Defendant, Northeastern University, cited "lying to your supervisor" about intentions to return to Boston and continue her work in person as reason for termination.

14. Only after her termination did Plaintiff learn that Northeastern University hired a private investigator in California to take pictures of her, to follow her, and to stake out her temporary housing there.

15. Northeastern terminated Plaintiff for not being in Boston. However, at the time the investigator photographed Plaintiff, she was not yet required to return to Boston.

16. Rather, Northeastern knew that she would have been residing in California during her FMLA leave.

17. Plaintiff incurred significant expenses due to Defendant's retaliation, including medical costs, relocation costs, and the financial cost of having fewer professional prospects due to the damaging language regarding Plaintiff's termination.

## COUNT ONE

### Retaliation under 29 U.S.C. § 2615

18. Plaintiff re-alleges and re-asserts the allegations in the above paragraphs as if fully set forth herein.

19. The FMLA provides that "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. § 2615(a)(1).

20. "Employers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions." 29 C.F.R. § 825.220(c)

21. Ms. Sarwari took protected leave, a right under the FMLA.

22. Defendant retaliated against Ms. Sarwari , *inter alia*, by terminating her based on false accusations while she formally exercised her rights.

23. As a result of Defendants' unlawful conduct, Plaintiff has suffered harm.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff claims:

1. Damages in an amount to be determined at trial;

2. Statutory liquidated damages for;

3. Statutory interest at the rate of twelve percent (12%);

4. Attorney's fees and costs; and

5. Such other legal or equitable relief as the Court may award.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,
KHALIDA SARWARI
By counsel:

/s/ *Elijah Bresley*
Elijah Bresley (BBO#634223)
ebresley@slnlaw.com
Slnlaw llc
46 South Main Street
Sharon, MA 02067
Tel: 781-784-2322
Fax: 781-328-1772

Dated: May 28, 2024

---

I HEREBY ATTEST AND CERTIFY ON __June.20,2024__, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY

John E. Powers, III
Acting Clerk Magistrate
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
Asst.Clerk

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss                                      SUPERIOR COURT
                                               CIVIL ACTION NO. 2484CV00209

KHALIDA SARWARI,

         Plaintiff,

v.

NORTHEASTERN UNIVERSITY,

         Defendant.

*[handwritten: US Dist # 24-CV-11578]*

## NOTICE OF FILING NOTICE OF REMOVAL

PLEASE TAKE NOTICE that this case, which was previously pending in the Superior Court of Suffolk County, Commonwealth of Massachusetts, has been removed to the United States District Court for the District of Massachusetts by Defendant Northeastern University pursuant to 28 U.S.C. §§ 1331, 1441 and 1446. A copy of the Notice of Removal, filed with the United States District Court for the District of Massachusetts, is attached hereto as <u>Exhibit 1</u>.

PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446(d), the filing of the Notice of Removal in the United States District Court effectuates the removal of this action. Accordingly, this Court "shall proceed no further unless and until the case is remanded."

Dated: June 18, 2024                    Respectfully submitted,

DEFENDANT NORTHEASTERN UNIVERSITY,

By Its Attorneys,

/s/ *Molly C. Mooney*
Robert A. Fisher (BBO No. 643797)
rfisher@seyfarth.com
Molly C. Mooney (BBO No. 687812)
mmooney@seyfarth.com
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 1200
Boston, MA 02210-2028
Telephone:    (617) 946-4800
Facsimile:    (617) 946-4801

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2024, a copy of the foregoing document was served by email and first class mail on all counsel of record.

Elijah Bresley
Slnlaw LLC
46 South Main Street
Sharon, MA 02067
ebresley@slnlaw.com

/s/ *Molly C. Mooney*
Molly C. Mooney

I HEREBY ATTEST AND CERTIFY ON June. 20, 2024 THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY

John E. Powers, III
Acting Clerk Magistrate
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY: _____
                Asst. Clerk

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KHALIDA SARWARI,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>NORTHEASTERN UNIVERSITY,<br><br>　　　　　Defendant. | Case No. 1:24-cv-11578<br><br>REMOVED FROM THE COMMONWEALTH OF MASSACHUSETTS, SUFFOLK SUPERIOR COURT, CASE NO. 2484CV00209 |

## NOTICE OF REMOVAL

Defendant, Northeastern University ("Northeastern" or "Defendant"), by and through its attorneys, and pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, submits this Notice of Removal with respect to the above captioned case from the Commonwealth of Massachusetts, Suffolk Superior Court. In support of its Notice of Removal, Defendant states as follows:

## BACKGROUND AND TIMELINESS

1. On or about January 22, 2024, Plaintiff Khalida Sarwari ("Sarwari" or "Plaintiff") filed her Complaint in the Commonwealth of Massachusetts, Suffolk Superior Court, titled *Khalida Sarwari v. Northeastern University*, Docket No. 2484CV00209 (the "State Court Action"). At that time, the initial Complaint was never served.

2. On or about May 28, 2024, Plaintiff filed her Amended Complaint in the Commonwealth of Massachusetts, Suffolk Superior Court.

3. On June 3, 2024, Defendant Northeastern University was served with a copy of the original Complaint, but was not served with a copy of the Amended Complaint.

4. On June 12, 2024, Defendant Northeastern was served with a copy of the Amended Complaint. A copy of all "process, pleadings and orders" received by Defendant in the state court action are attached as **Exhibit A**. *See* 28 U.S.C. § 1446(a).

311581296v.2

5.      Because Defendant has filed this Notice of Removal within thirty days of receipt of the Amended Complaint, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b)(3); *Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67, 74 (1st Cir. 2014).

### THE CASE IS REMOVABLE BASED ON FEDERAL QUESTION JURISDICTION

6.      Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

7.      In this case, the requirements of 28 U.S.C. § 1331(a) have been met because Plaintiff brings a claim against Defendant under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq*.

8.      Pursuant to 28 U.S.C. § 1331, "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

9.      Accordingly, because this action alleges a violation of the FMLA, **Exhibit A**, Amended Compl., Count I, ¶¶ 18-23, this action arises under federal law. 28 U.S.C. § 1331. The Court thus has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, and removal is proper under 28 U.S.C. § 1441(a).

### VENUE AND NOTICE

10.     Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 101, this Court embraces the Suffolk Superior Court, Commonwealth of Massachusetts. Accordingly, this Court is the appropriate venue for removal of this action. 28 U.S.C. § 1441(a).

11.  Prompt written notice of this Notice of Removal has been sent to Plaintiff through his counsel, and to the Clerk of Court for Suffolk Superior Court, Commonwealth of Massachusetts, as required by 28 U.S.C. § 1446(d). A copy of this notice is attached hereto as **Exhibit B**.

## CONCLUSION

12.  Based on the foregoing, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331; therefore, the Court properly may exercise jurisdiction over this lawsuit. 28 U.S.C. §§ 1441(a).

13.  Defendant submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has pleaded claims upon which relief can be granted, and without admitting that Plaintiff is entitled to any monetary or equitable relief whatsoever (or that the damages she seeks may be properly sought).

14.  Should Plaintiff seek to remand this case to state court, Defendant respectfully asks that it be permitted to brief and argue the issue of this removal prior to any order remanding this case. In the event the Court decides remand is proper, Defendant respectfully requests that the Court retain jurisdiction and allow Defendant to file a motion asking this Court to certify any remand order for interlocutory review by the First Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

WHEREFORE, Defendant Northeastern University requests that the above-described action pending against it be removed to the United States District Court for the District of Massachusetts. Defendant also requests all other relief, at law or in equity, to which it justly is entitled.

311581296v.2

DATED: June 18, 2024

Respectfully submitted,

NORTHEASTERN UNIVERSITY

By its attorneys:

_/s/Molly C. Mooney_
Robert A. Fisher (BBO No. 643797)
rfisher@seyfarth.com
Molly C. Mooney (BBO No. 687812)
mmooney@seyfarth.com
SEYFARTH SHAW LLP
Seaport East
Two Seaport Lane, Suite 1200
Boston, Massachusetts 02210
Telephone:     (617) 946-4800
Facsimile:     (617) 946-4801

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2024, a copy of the foregoing Notice of Removal was filed electronically through the Court's ECF system. Paper and electronic copies were served on the following counsel for plaintiff:

Elijah Bresley
Slnlaw LLC
46 South Main Street
Sharon, MA 02067
ebresley@slnlaw.com

_/s/Molly C. Mooney_
Molly C. Mooney

4

311581296v.2

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KHALIDA SARWARI,<br><br>   Plaintiff,<br><br>v.<br><br>NORTHEASTERN UNIVERSITY,<br><br>   Defendant. | Case No. 1:24-cv-11578 |

## **CERTIFICATE OF SERVICE**

  I hereby certify that on July 10, 2024, a true copy of the Certified State Court Record was electronically filed through the Court's ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

                */s/ Robert A. Fisher*
                Robert A. Fisher

312322545v.1